UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| INDIANA TICKET COMPANY, INC. and MUNCIE NOVELTY COMPANY, INC. Plaintiffs, v. CAREWON, LLC and VU NGUYEN, Defendants. | Civil Action No. _____ |

# COMPLAINT

Plaintiffs, Indiana Ticket Company, Inc. ("Indiana Ticket") and Muncie Novelty Co., Inc. ("Muncie Novelty"), for their Complaint against the Defendants, Carewon, LLC ("Carewon") and Vu Nguyen ("Nguyen"), herein allege:

## JURISDICTION AND VENUE

1. This action arises under the trademark and unfair competition laws of the United States, and Texas State law.

2. This action is brought pursuant to 15 U.S.C. § 1125(a), and Texas state law concerning unfair competition.

3. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendants because the Defendants are, and have been, conducting continuous and systematic business by promoting and selling goods within the State of Texas and within the boundaries of the Eastern District of Texas. Defendants

have also caused harm and committed unlawful acts hereinafter complained of in this judicial district, and Plaintiffs have suffered harm in this judicial district as a result of Defendants' conduct.

5. Venue is appropriate in this district in accordance with 28 U.S.C. § 1391(b) and (c).

## PARTIES

6. Indiana Ticket is an Indiana corporation organized under the laws of the State of Indiana, having an office and principal place of business at 9610 IN-67, Muncie, Indiana 47303.

7. Muncie Novelty is an Indiana corporation organized under the laws of the State of Indiana, having an office and principal place of business at 9610 IN-67, Muncie, Indiana 47303.

8. Carewon is a Texas limited liability company organized under the laws of the State of Texas, having an office and principal place of business at 3948 Legacy Drive, Plano, Texas 75023.

9. Nguyen is a citizen of the State of Texas residing at 6100 Ohio Drive Apt. 624, Plano, Texas 75024.  Nguyen is the registered agent for Carewon.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Business of Indiana Ticket and Muncie Novelty

10. Since 1971, Indiana Ticket has been a leading designer and manufacturer of printed tickets used in connection with a wide variety of events, including raffles, dinners, and other events.  Examples of some of the printed tickets designed and manufactured by Indiana Ticket appear in Exhibit A to this Complaint.

11. Indiana Ticket has, since as early as 1971, used the trademark INDIANA TICKET CO. in connection with its printed tickets, printed credentials, and valet parking hangtags.

12. In addition, Indiana Ticket has, since as early as 1990, used the following logo (the "Logo Mark") in connection with its goods and services, including use on its printed tickets:



13. Most tickets manufactured by Indiana Ticket bear the INDIANA TICKET CO. and Logo Mark marks.

14. An example of the front and back of one of its tickets is attached as Exhibit B to this Complaint.

15. Muncie Novelty is the exclusive distributor of the tickets designed and manufactured by Indiana Ticket.

16. Muncie Novelty distributes its tickets through a variety of sources, including direct sales, online sales, and sales through resellers.

17. Online sales of Indiana Ticket products offered by Muncie Novelty, and in particular sales on the Amazon sales platform, have become an increasingly important part of Plaintiffs' sale and distribution of their products in recent years.

18. Muncie Novelty has devoted significant resources to the promotion and sale of its tickets.

### Defendants' Business and Infringement

19. Carewon is a reseller of various paper products, including printed tickets.

20. Carewon presents itself to the public as TACTICAI, a trademark registered at the United States Patent and Trademark Office to Nguyen.

21. Upon information and belief, Carewon is owned by Nguyen, and operates as an alter ego of Nguyen, making Nguyen personally liable for the acts of Carewon.

22. Until February 2023, Defendants purchased tickets from Muncie Novelty.

23. These tickets bore the INDIANA TICKET CO. trademark and the Logo Mark.

24. Defendants offered these tickets, at least in part, through online sales platforms such as the Amazon sales platform.

25. Each new product offered on an online trading platform is assigned a unique number. In the case of Amazon, Amazon assigns a unique Amazon Standard Identification Number ("ASIN") to each new product placed on its platform by a seller.

26. ASIN numbers are important identifiers. A customer who is pleased with its initial purchase of a particular product may reorder that product using the same ASIN with the assurance that it will receive the same product.

27. In addition, trending information and product reviews are tracked by ASIN numbers.

28. As part of their sales of Plaintiffs' products on the Amazon sales platform, Defendants were assigned ASINs by Amazon unique to the products sourced from Plaintiffs. A listing of several of those ASINs is included in Exhibit C to this Complaint.

29. In each case, in their promotion of the product sold in connection to a particular ASIN, Defendants featured a photograph of an Indiana Ticket product, with the products bearing the INDIANA TICKET CO. and Logo Mark trademarks.

30. Although Defendants are no longer purchasing ticket products from Plaintiffs, they have persisted in using the same ASIN numbers to sell products not manufactured by Plaintiffs. In many cases, they continued to use images of Indiana Ticket products, removing the Indiana

Ticket trademark from the images. An example of such use is included as Exhibit D to this Complaint.

31. In addition, Defendants persist in promoting their products using Plaintiffs' Logo Mark. Below is a comparison of Plaintiffs' use of the mark, and Defendants' Infringing Use:



Plaintiffs' Use, Ex. B at 7.          Defendants' Infringing Use, Ex. E at 11.

32. In addition, Defendants have created and are using derivative designs of designs owned by Plaintiffs in the promotion of their products. Examples of these designs, and the Plaintiffs' designs from which they are derived, are shown in Exhibit F to this Complaint.

33. The products now being offered by Defendants are not Plaintiffs' products, and differ in material respects from Plaintiffs' products, including different separation means.

34. These wrongful actions by Defendants cause deception and confusion among consumers as to the source of products being offered by Defendants. They are, in short, a "bait and switch," causing customers to believe that they are receiving a product manufactured by Plaintiffs when they are not.

35. Plaintiffs have demanded that Defendants cease use of the ASINs connected to products manufactured by Plaintiffs, and cease using Plaintiffs' trademarks and all promotional materials created by Plaintiffs. Defendants have refused.

36. Plaintiffs have sought relief through Amazon, seeking to have the ASINs at issue disabled so that no further deceptive sales will take place.

37. Defendants have filed counter-notices to these attempts by Plaintiffs, contending that they have a right to continue offering products under these ASINs.

38. Plaintiffs sent a cease and desist letter to Defendants on June 26, 2023, demanding that Defendants cease the deceptive and infringing activities outlined above.

39. Defendants failed to respond to that letter or take the actions demanded by Plaintiffs.

40. Defendants' actions falsely create the impression that they continue to offer products obtained from Plaintiffs, that the parties continue to have some relationship with each other, and constitutes unfair competition.

41. The products now being offered by Defendants do not have the sponsorship, consent, approval, or certification of Plaintiffs.

42. Defendants' unfair competition demonstrates intentional, willful, and bad faith attempts to deceive or to create mistake or confusion in the minds of Defendants' customers and potential customers and of the public, to trade on Plaintiffs' goodwill, to palm off Defendants' products as those of Plaintiffs, and to create the false impression of a connection, affiliation, or association between Defendants and Plaintiffs, or of sponsorship or approval of Plaintiffs, all causing irreparable injury to Plaintiffs.

43. Plaintiffs have no adequate remedy at law.

44. By reason of Defendants' activities, Plaintiffs have suffered actual damages for injury to its goodwill and reputation, and injury to their relationships with customers and potential customers.

45. Because of Defendants' bad faith and intentional and willful unfair competition, and deceptive trade practices, Plaintiffs are entitled to recover punitive damages to deter

Defendants from repeating their unlawful activities, as well as Plaintiffs' attorneys' fees and the costs of this action.

### COUNT I
### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(A))

46.     Plaintiffs reallege and incorporates by reference the allegations of paragraphs 1 through 46 as if fully set forth in this paragraph.

47.     Defendants' conduct complained of herein constitutes federal unfair competition, false designation of origin, and false advertising pursuant to 15 U.S.C. § 1125(a).

48.     Defendants' false advertising in commerce and its infringement of Plaintiffs' Logo Mark, as described herein, is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval of Defendants' goods and therefore constitutes false designation of origin and false advertising, in violation of 15 U.S.C. § 1125(a).  Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

49.     Plaintiffs are entitled to injunctive relief prohibiting Defendants from further use of the ASINs identified in Exhibit C to this Complaint, further use of product numbers assigned to Defendants on any online sales platform that were assigned in connection with the sale of a products manufactured by Plaintiffs, from further use of any of Plaintiffs' trademarks, including its Logo Mark, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits, and advantages obtained by Defendants as a result of the infringing acts alleged above in an amount not yet known, as well as the costs of this action, pursuant to 15 U.S.C. § 1117(a).

## COUNT II
## UNFAIR COMPETITION
## (TEXAS COMMON LAW)

50.     Plaintiffs and incorporates by reference the allegations of paragraphs 1 through 46 as if fully set forth in this paragraph.

51.     Plaintiffs' trademarks, promotional materials and designs are the unique creation and property of Plaintiffs.

52.     Plaintiffs are informed and believe and on that ground allege, that Defendants have intentionally appropriated Plaintiffs' trademarks and designs with the intent of causing confusion, mistake, and deception as to the sources of their products with the intent to palm off their products as those of Plaintiffs, and as such, have committed unfair competition.

53.     Defendants' unauthorized use of the Plaintiffs' trademarks and designs is likely to cause confusion to the public regarding the source of Defendants' goods and the affiliation (or lack thereof) between Plaintiffs and Defendants.

54.     The foregoing acts of the Defendants have caused and will continue to cause injury to Plaintiffs by depriving Plaintiffs of sales of their genuine goods, injuring its business reputation, and by passing off Defendants' goods and services, including the infringing goods, as Plaintiffs' goods and services, all in violation of the law of the State of Texas.

55.     Defendants' acts have caused and will continue to cause irreparable harm and damage to Plaintiffs, and have caused and will continue to cause Plaintiffs monetary damage in an amount thus far not determined, for which Plaintiffs are entitled to their actual damages, Defendants' profits, punitive damages, attorneys' fees, and costs.

56. As a consequence of Defendants' actions, Plaintiffs are entitled to injunctive relief and an order that Defendants disgorge all profits on the use, display, or sale of products sold by use of deceptive means.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

A. Permanently enjoin and restrain Defendants, their officers, agents, servants, employees, directors, representatives, successors, assigns, related companies, and those in privity with Defendants or in active concert or participation with Defendants from:

(1) promotion or sale of any products using a product number assigned by an online platform or other sales agent, including but not limited to ASIN numbers assigned by Amazon or similar numbers assigned by any other online platform, including Walmart, to a product that Defendants once sourced from Plaintiffs, including use of any of the ASIN numbers attached as Exhibit C to this Complaint;

(2) promotion or sale of any products using Plaintiffs' trademarks, including the Logo Mark, the product designs depicted in Exhibit F to this Complaint, or similar product designs;

(3) use of any of Plaintiffs' trademarks, including their Logo Mark, and use of any photographs of Plaintiffs' products;

(4) representing by words or conduct that Defendants or their products are authorized, sponsored, endorsed, or otherwise connected with Plaintiffs; and

(5) any other conduct which causes or is likely to cause confusion, mistake, deception, or misunderstanding as to the source, affiliation, connection, or association of products offered by Defendants.

B. Require Defendants to immediately notify Amazon and all other online sales

platforms of their withdrawal of any counter-notices that would allow the product numbers, including ASIN numbers, at issue in this case to remain active or be reactivated.

      C.     Award an accounting for, and enter judgment against Defendants for, all profits received from the sale of their services in connection with the unfairly competitive activities raised in this Complaint.

      D.     Award to Plaintiffs their damages suffered as a result of Defendants' misconduct in such sum as the Court shall find to be just as a result of the Defendants' acts complained of herein.

      E.     Award Plaintiffs punitive damages to deter such misconduct by Defendants in the future.

      F.     Award to Plaintiffs an increase in the award of damages up to three times the amount found for deliberate and willful false designation of origin by Defendants pursuant to 15 U.S.C. § 1117(a).

      G.     Require Defendants to pay the costs of this action together with Plaintiffs' attorneys' fees and disbursements incurred herein.

      H.     Award to Plaintiffs pre-judgment and post-judgment interest.

      I.     Require Defendants pursuant to 15 U.S.C. § 1118 to destroy all materials, both in print and in electronic format, bearing Plaintiffs' unique designs or confusingly similar designs.

      J.     Award to Plaintiffs such other and further relief as this Court deems just and equitable.

## **JURY DEMAND**

Plaintiffs demands a trial by jury on all matters decidable by jury.

Dated: July 6, 2023

By: */s/ Jenna G. Johnson*
Jenna G. Johnson
BARNES & THORNBURG LLP
2121 North Pearl Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 258-4200
jenna.johnson@btlaw.com

*Counsel for Plaintiffs, Indiana Ticket Co. and Muncie Novelty Co., Inc.*

Of counsel:

Dwight D. Lueck
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:  (317) 231-7713
dwight.lueck@btlaw.com

Jake Winslett
BARNES & THORNBURG LLP
2121 North Pearl Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 258-4171
jake.winslett@btlaw.com